# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIN STROHBEHN,

      Plaintiff,

v.

ACCESS GROUP, INC. and
WELTMAN WEINBERG & REIS CO.
LPA,

      Defendants.

Case No. 16-CV-985-JPS

**ORDER**

**1. INTRODUCTION**

Plaintiff Erin Strohbehn ("Strohbehn") filed her complaint in this matter on July 26, 2016, against Defendant Access Group, Inc. ("Access"). (Docket #1). Strohbehn claimed that Access violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Wisconsin Consumer Act ("WCA"), WIS. STAT. §§ 421, 427 *et seq.*, in its attempts to collect her decade-old student loan debts. *Id.* The action was assigned to District Judge Charles N. Clevert, Jr. On August 29, 2016, Access filed a motion to dismiss the complaint. (Docket #9). On September 19, 2016, Strohbehn filed an amended complaint. (Docket #15). The amended complaint expounded on Strohbehn's allegations against Access and added new claims against a collection agency, Weltman Weinberg & Reis Co., LPA ("WWR"). Access responded with another motion to dismiss on October 3, 2016. (Docket #17). WWR took no part in Access's motion and answered the amended complaint on November 1, 2016. (Docket #27). Access's motion was fully briefed and ripe for decision as of November 23, 2016. *See* (Brief

in Opposition, Docket #30; Reply Brief, Docket #33).[1] On March 21, 2017, this matter was reassigned to this branch of the Court upon Judge Clevert's retirement. For the reasons explained below, Access's motion must be denied.

2.  **STANDARD OF REVIEW**

Access has moved to dismiss Strohbehn's complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). This rule provides for dismissal of complaints which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citation omitted).

In reviewing Strohbehn's complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in [her] favor[.]" *Id.* at 480-81. However, a complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The Court must identify allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Ultimately, dismissal is only appropriate

---

[1] Strohbehn moved Judge Clevert to accept a short surreply on December 7, 2016, which he did by text-only order more than two months later on February 14, 2017.

"if it appears beyond doubt that the plaintiff could prove no set of facts in support of [her] claim that would entitle [her] to the relief requested." *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016).

3. **RELEVANT FACTS**

Accepting the truth of Strohbehn's well-pleaded allegations and drawing all reasonable inferences in her favor, the relevant facts are as follows. Prior to 2007, Strohbehn obtained student loans through Access. She alleges that sometime in 2007, she paid off the loans completely, via a single lump sum payment. At the time, Access's servicer was Kentucky Higher Education Student Loan Corporation. In 2012, this role was transferred to ACS Education Services. Strohbehn states that from 2007 until 2016, she received no contact from Access or either of its servicers regarding the loans.

At some point in 2016, she received a letter from Access. The letter indicated that Access believed she still owed at least a portion of the loans. Strohbehn checked her credit report and discovered that Access was reporting unpaid amounts on each loan. She claims that the incorrect credit reporting caused her frustration, distraction from work, embarrassment, and other forms of stress.

Strohbehn contacted the three major credit bureaus in March 2016 to dispute the improperly reported debts. As of that time, she maintains that the debts were either fully paid in 2007 or, alternatively, that the last payments thereon occurred more than six years ago, bringing the debts outside Wisconsin's statute of limitations on contracts. *See* WIS. STAT. § 893.43(1). The credit bureaus forwarded the disputes to Access. Access (or its agents) responded to the bureaus that the debts were valid. The negative reporting items mar Strohbehn's credit report to this day.

Strohbehn alleges two counts relevant to Access. Count One states that Access violated Section 1681s-2(b) of the FCRA by failing to conduct a reasonable investigation into Strohbehn's disputes and by refusing to update its erroneous credit reporting items. Strohbehn further pleads that Access willfully violated the FCRA because it "disregarded notices pertaining to the status of the account[.]" (Docket #15 at 7). Count Two is brought pursuant to the WCA. Strohbehn alleges that Access harassed her by continuing collection activity on fully paid debts and that Access published false credit information.

**4.     ANALYSIS**

The primary thrust of Access's motion is that Strohbehn's allegations are incorrect, namely that she did not completely satisfy her loans in 2007. In support of this argument, Access has provided three of its internal documents related to Strohbehn's account: 1) a "Recovery Overview," which gives an overview of Strohbehn's account and lists five loans under her name; 2) a "Borrower History," providing a timeline of events on Strohbehn's account from 2003 to 2012, including Access's credit reporting activity; and 3) a "Payment History," revealing that Strohbehn did indeed make a substantial payment on the loans in April 2007, but a relatively small balance nevertheless remained (together, the "Account Documents"). (Docket #19-1, #19-2, and #19-3).

Taken as true, the Account Documents appear to destroy the foundational allegation of Strohbehn's amended complaint—that Access has been attempting to collect non-existent debts. However, the Account Documents are not properly included in Access's motion. The focus of a motion to dismiss pursuant to FRCP 12(b)(6) is the operative complaint. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

When a defendant offers arguments in support of its motion which go beyond that document, a court has two options: 1) ignore the outside materials; or 2) if it wants to consider the documents in deciding the motion, the court must convert the motion to one for summary judgment and allow the plaintiff adequate time to conduct discovery to prepare a response. Fed. R. Civ. P. 12(d).

Access maintains that the Court need not convert its motion to a summary judgment posture in light of an exception to FRCP 12(d)'s otherwise clear command. The Seventh Circuit has long held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Account Documents, in Access's sole possession prior to the filing of its motions to dismiss, were clearly not referred to in Strohbehn's amended complaint. Nevertheless, Access argues that they are central to her claims and "they constitute the core of the parties' contractual relationship." (Docket #18 at 2, n.1 (quoting *Venture*, 987 F.2d at 431-32)).

Access's position suffers a fatal flaw: its assumption of the unchallengable authenticity and accuracy of the Account Documents. In a more recent (though not quite modern) take on the rule, the Court of Appeals explained:

> Because the letter was attached to the complaint, it became a part of it for all purposes, and so the judge could consider it in deciding the motion to dismiss without having to convert the motion to one for summary judgment. It is possible that he could have done so, for that matter, despite and as it were in the teeth of Rule 12(b) . . . even if the document had merely been referred to in the complaint, provided it was a concededly authentic document

central to the plaintiff's claim (the usual example is a contract, in a suit for breach of contract). So at least our decisions in *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994), and [*Venture*, 987 F.2d at 431], say, although *Berthold Types Ltd. v. Adobe Systems Inc.*, 242 F.3d 772, 775 (7th Cir. 2001), leans the other way, without, however, citing the earlier cases or discussing the exception, which is narrow: in *Wright* the plaintiff had actually quoted from the document, while *Levenstein* emphasizes that it is indeed "a narrow exception aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment, and the defendants' perfunctory arguments for the centrality of these documents are unpersuasive." 164 F.3d at 347.

The exception to Rule 12(b) that these cases carve (whatever its precise breadth) has been thought to follow from Rule 10(c); the concern is that, were it not for the exception, the plaintiff could evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit. The cases therefore allow the defendant to submit the document to the court, and the court to consider it, without need for conversion to Rule 56.

. . .

It can be further argued in support of the exception that the purpose of requiring conversion from Rule 12(b) or Rule 12(c) to Rule 56, if matters outside the pleadings are considered by the court, is to make sure that each party has notice of evidence that the opposing party wants to present in support of his claim or defense; reference in the pleading to the evidence furnishes that notice. *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). Although this is not a contract case, the letter by Judge Vahle attached to the complaint is potentially (in fact actually, as we shall see) dispositive of the claim of retaliation against him and so he could have submitted it for the court's consideration, even if the plaintiffs had not attached it to their complaint, without the court's being obliged to convert his motion to dismiss to a motion for summary judgment. What would not be cricket would be for the defendant to submit a document in support of his Rule 12(b)(6) motion that required discovery to authenticate or disambiguate; in such a case the judge would be required to convert the defendant's motion to a Rule 56 motion if he were minded to consider the document in deciding whether to grant the motion. That issue does not arise when the plaintiff by attaching the document to his

> complaint incorporates and by doing so adopts it as a part of his pleading.
>
> In light of this discussion, the scope of the exception recognized in the cases we have cited is uncertain; perhaps it is or should be limited to cases in which the suit is on a contract or the plaintiff, if he has not attached, has at least quoted from, the document later submitted by the defendant. But we need not resolve the scope of the exception in the present case because the document in question was attached to the Tierneys' complaint and therefore indisputably became a part of it for all purposes.

*Tierney v. Vahle*, 304 F.3d 734, 738-39 (7th Cir. 2002).

*Tierney*'s discussion reveals that the *Venture* exception to FRCP 12(d) is narrow. A review of Seventh Circuit precedent reveals that the Account Documents are not like others that the Court of Appeals has allowed through the exception. These include documents which are:

- Contracts or a collection of documents forming a contract in a contract dispute (*Venture*);

- Attached to or referenced by the complaint (*Tierney*); or

- Indisputably genuine, such as public records subject to judicial notice (*Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012)) and documents authored or signed by the plaintiff (*Gillis v. Meisner*, 525 F. App'x 506, 508-09 (7th Cir. 2013) (settlement agreement)).

*See also Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009) (magazine article which the plaintiffs alleged gave them notice of a conspiracy); *Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009) (investment documents, such as plan descriptions and prospectuses, in an action against an ERISA fiduciary for making improper investments; also compiling other instances, including cases "upholding consideration of an agreement quoted in the complaint and central to the question whether a property interest existed" and "permitting reference to a welfare

plan referred to in the complaint in order to decide whether the plan qualifies under ERISA").

As shown by her brief in opposition to Access's motion, Strohbehn does not concede the authenticity of the Account Documents. Neither do those documents "constitute the core of the parties' contractual relationship," as they are not the actual loan documents, but are Access's purely internal records which Strohbehn had never seen (until a few months ago).[2] Again, though the Account Documents seem to undermine Strohbehn's theory of this case, without a concession that they are genuine, or other factors making that issue indisputable, they fall short of "prov[ing] that [Strohbehn's] claim ha[s] no merit." *Tierney*, 304 F.3d at 738. Strohbehn is entitled to test their veracity via the discovery process.[3]

Without the Account Documents, most of the potential merit of Access's motion is stripped away. The remainder may be disposed of quickly by reference to the standard of review. Access first argues that the amended complaint is devoid of any detail as to Access's allegedly inadequate investigation of her credit disputes. This contention is curious; how is Strohbehn to know with any certainty what Access did, or did not

---

[2] Given *Tierney*'s limiting instruction, even assuming the Account Documents had some bearing on the "core of the parties' contractual relationship," it is unclear whether that issue is apposite. Strohbehn brings claims pursuant to consumer rights laws, not for breach of contract. Like *Tierney*, this Court need not resolve the issue definitively, as the Account Documents are excludable for other reasons.

[3] Access claims that Strohbehn has been given adequate notice of the Account Documents because they were attached to its original motion to dismiss. If Access is subject to FRCP 12(d) by attaching the Account Documents to a motion to dismiss, it cannot slip around the rule simply by filing two such motions. Whether or not Strohbehn has seen the Account Documents previously in this litigation, she is not required to answer to them until she has had an opportunity to test them in discovery.

do, prior to discovery in this matter? All Strohbehn knows now is (making all reasonable inferences in her favor) that she paid the loans in 2007 and Access, either negligently or maliciously, denied to the credit bureaus that they were fully paid. In the same vein, Access maintains that there are no allegations which could support a finding of a willful violation, where such a violation would permit Strohbehn to recover statutory and punitive damages, as well as attorney's fees. 15 U.S.C. § 1681n(a). For the same reason, Strohbehn's allegations have put Access on notice of her claim of willfulness and the basis therefore.

Access's next contention is that Strohbehn's damages are too vaguely alleged. If the statements in the amended complaint were Strohbehn's testimony, offered at trial or summary judgment, Access might be correct. *See Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 608-11 (7th Cir. 2005) (explaining the need for detailed evidence of emotional distress or damage to credit to survive summary judgment on an FCRA claim). However, this is the pleading stage, and Strohbehn plausibly alleges damages, no matter how slight they might seem. Discovery will reveal the depth of Strohbehn's injuries. Access further argues that WWR, not Access, caused Strohbehn's damages by its collection activity. Not only is causation generally a fact-intensive jury question, *Shick v. Ill. Dep't of Human Servs.*, 307 F.3d 605, 615 (7th Cir. 2002), but the amended complaint alleges that WWR acted at Access's behest and direction. Sorting out precisely what Access did alone, what direction Access gave to WWR, and what action WWR took of its own accord, must be left for a later stage of these proceedings.

Access's final arguments are directed at Strohbehn's WCA claims. Access first asserts that Strohbehn's loans, taken together, exceeded $25,000,

which would mean that they are excluded from the WCA's protections. WIS. STAT. § 421.202(6). Strohbehn counters that each individual loan was for less than that amount, and that the Court should not lump them together simply because they were all intended to finance her education. The Court need not enter this fray. The only basis for Access's position is the Account Documents, and they have been excluded from consideration; the amended complaint is silent on the amount of any or all of the loans.

Access's second argument is that Strohbehn's Section 427.104(c) claim, which relates to false credit reporting activity, is preempted by the FCRA. *See* WIS. STAT. § 427.104(1)(c) ("(1) In attempting to collect an alleged debt arising from a consumer credit transaction . . . a debt collector may not: (c) Disclose or threaten to disclose information adversely affecting the customer's reputation for credit worthiness with knowledge or reason to know that the information is false[.]"); 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under[:] (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]"). Strohbehn withdrew that claim in her opposition brief, so the issue is now moot. (Docket #30 at 9).

Access's third and final contention is that Strohbehn's allegations of harassment, and resulting damages, are mere legal conclusions. Viewing Strohbehn's allegations in a light most favorable to her, the Court must disagree. She alleges that Access attempted to collect non-existent debts via its own communications, credit reporting activities, and its agent WWR, and that all this caused various forms of stress and interruption of her work. This is all that is required to put Access on notice of her claim. Access will

be afforded an opportunity to explore, via discovery, the specifics of Strohbehn's harassment claim to assess whether it, in fact, has any teeth.[4]

## 5. CONCLUSION

In light of the foregoing, Access's motion must be denied. The Court will further adopt Strohbehn's concession and dismiss her Section 427.104(c) claim with prejudice. As shown by the briefing on this motion, the factual issues at play in this matter are comparatively limited. The Court will, therefore, set this matter for trial on an expedited schedule. The Court will set a Fed. R. Civ. P. 16 scheduling conference by separate notice.

Accordingly,

**IT IS ORDERED** that Defendant Access Group, Inc.'s motion to dismiss (Docket #17) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's claim made pursuant to WIS. STAT. § 427.104(c) (Docket #15 ¶ 53) be and the same is hereby **DISMISSED with prejudice**.

Dated at Milwaukee, Wisconsin, this 23rd day of May, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[4]Access also maintains that Strohbehn's allegation regarding the applicable Wisconsin statute of limitations is false. This argument is, however, based entirely on the Account Documents. According to the amended complaint, the debts were extinguished in 2007, meaning that the six-year statute of limitations expired long before the collection activity at issue in this case. The Court must take that allegation as true for purposes of deciding Access's motion.