# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ERIN STROHBEHN,<br><br>        Plaintiff,<br>v.<br><br>ACCESS GROUP INC. and<br>WELTMAN WEINBERG & REIS CO.<br>LPA,<br><br>        Defendants. | Case No. 16-CV-985-JPS<br><br>**ORDER** |

  On July 6, 2017, Plaintiff filed an expedited motion to amend her complaint. (Docket #57). She asserts that she promptly pursued discovery after the Court ruled on the pending motion to dismiss. In doing so, Plaintiff found that Xerox Education Services, LLC ("Xerox") had worked under Defendant Access Group, Inc. ("Access") in an attempt to collect her debt, specifically with regard to credit reporting. Plaintiff seeks leave to add a new count against Xerox, as well as a claim against Defendant Weltman, Weinberg & Reis Co., LPA ("WWR") for its role in this credit reporting activity.

  Access alone offered a response to Plaintiff's motion. (Docket #60). It claims that Plaintiff knew of Xerox's involvement at least as of August 2016, when Access filed its first motion to dismiss. Still, Access says that it does not oppose the motion directly. Instead, it claims that the deadlines of the trial scheduling order, including the September 1, 2017 cut-off date for dispositive motions, would need to change with Xerox's addition to this case. Unrelatedly, Access poses an "omnibus motion for bifurcated

discovery" within its response. Access asks that the Court bifurcate discovery in this matter in an effort to save resources.

The Court will deny both parties' motions. Federal Rule of Civil Procedure dictates that leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Justice does not require amendment here. Rule 15's command must be weighed against the Court's prerogative to maintain the schedule set in this case on June 12, 2017. (Docket #48). Allowing Plaintiff to name Xerox would derail that schedule. Plaintiff remains free to pursue Access for Xerox's conduct, as she insists that Xerox was at all times acting as Access's agent, *see* (Docket #57-1), or she may simply file a separate action against Xerox.[1] Access's request to bifurcate discovery will likewise be denied. Discovery must continue to proceed on all relevant issues so that this case will be ready for trial in December.

Accordingly,

**IT IS ORDERED** that Plaintiff's expedited motion for leave to amend her complaint (Docket #57) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant Access Group, Inc.'s omnibus motion to bifurcate discovery (Docket #60) be and the same is hereby **DENIED**.

---

[1] To the extent Plaintiff wishes to pursue her new claims against WWR, she must file a separate motion; the currently proposed amended complaint includes Xerox and so must be rejected entirely.

Dated at Milwaukee, Wisconsin, this 13th day of July, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge