UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ERIN STROHBEHN,                     Case No. 16-cv-985

       Plaintiff,

vs.

ACCESS GROUP, INC AND
WELTMAN, WEINBERG & REIS CO.,
L.P.A.

       Defendants.

---

**EXPEDITED MOTION TO COMPEL DISCOVERY FROM DEFENDANT ACCESS GROUP, INC.**

---

Dated this 25th day of July, 2017.

                                     s/ Nathan E. DeLadurantey
                                     Nathan E. DeLadurantey, 1063937
                                     Heidi N. Miller, 1087696
                                     DELADURANTEY LAW OFFICE, LLC
                                     330 S. Executive Drive., Suite 109
                                     Brookfield, WI 53005
                                     (414) 377-0515; (414) 755-0860 - Fax
                                     E: nathan@dela-law.com
                                     E: heidi@dela-law.com

                                     *Attorneys for the Plaintiff*

**INTRODUCTION**

This case concerns the law school loans of Plaintiffs, loans that she contends are paid or no longer owed. Defendant Access Group, Inc. ("Defendant") however believes there is a balance due. After meeting and conferring regarding discovery issues, on July 13, 2017, a privilege log was produced from Defendant outlining emails Defendant withheld on the basis of privilege. DeLadurantey Dec., Ex. A. Redacted copies of those "privileged" emails followed. *Id.*, Ex. B. Plaintiff challenges Defendant's claims that the email contents are privileged, as 1) any privilege existing has been waived or 2) that the emails merely contain business advice.

**LEGAL STANDARD**

Plaintiff has a right to "obtain discovery regarding any nonprivileged" information in the possession of Defendant that is relevant and proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1). Under the relevant standard "the attorney-client privilege allows a party to withhold a communication from disclosure only when: (1) the party seeks professional legal advice from a professional legal adviser in that capacity; (2) the communications relate to that purpose; (3) the communications were made in confidence by the client; and (4) the privilege has not been waived." *Malec Holdings II, Ltd. v. English*, 2008 U.S. Dist. LEXIS 21844, *2, (E.D. Wis. Mar. 6, 2008) (citing *Common Law. United States v. Evans,* 113 F.3d 1457, 1461 (7th Cir. 1997)).

**I.     Defendant Access has waived privilege.**

As this Court has previously ruled, "[v]oluntary disclosure of privileged information about a matter waives the privilege as to all information on the same subject matter." *Malec Holdings* at *4-5 (citing *Lorenz v. Valley Forge Insurance Co.,* 815 F.2d 1095, 1099 (7th Cir. 1987); *Fort James Corp. v. Solo Cup Co.,* 412 F.3d 1340, 1349 (Fed. Cir. 2005); *Vardon Golf Co. v. Karsten Mfg. Corp.,* 213 F.R.D. 528, 532 (N.D. Ill. 2003) ("the general rule is that

voluntary disclosure of privileged communications waives the privilege as to all other communications dealing with the same subject matter.").

This case involves attempts to collect an alleged debt from Plaintiff. The notes from Defendant Access reveal that Julie Sullivan, Defendant Access's AG Manager, was told by Plaintiff's counsel (Attorney Nathan DeLadurantey) that the statute of limitations had passed:

> 7/8/2016 AG Manager 3174 (Julie Sullivan) Spoke to Nathan at law office. He stated that the statute of collecting on these loans has run out and is requesting to have the credit history along with the balances zeroed out. Advised to send in writing and will forward to appropriate parties.

However, the next time they talked, Ms. Sullivan freely shared with Attorney DeLadurantey the advice that she received from the legal department:

> 7/22/2016 AG Manager 3174 (Julie Sullivan) spoke to attorney, advised legal reviewed account and does not feel the SOL applies. Gave attorney till 7/29/2016 to discuss with client. Attorney advised will move forward with suit.

As this court well knows, because Defendant already disclosed the legal department's advice on the accounts at issue, any privileged was long ago waived. This is not Plaintiff's conjecture, but is <u>documented</u> in Defendant's <u>own files</u>, related to the interactions that occurred between July 8-22, 2016. DeLadurantey Dec., Exhibit C. As such, the following entries on Defendant's privilege log should be deemed waived: 1, 2, 3, 4, 5, 6, 7, 10, 13, as they consist of communications that were made prior to the waiver.

**II.     The communications are likely related to business purposes, not legal advice.**

"[A] party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements." *United States v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. Ill. 2003). Plaintiff challenges that Defendant were not seeking legal advice, but instead the information exchanged with lawyers relates to a business purpose: attempts to collect a debt from Plaintiff. DeLadurantey Dec., Exhibit B. Some of the partially-redacted documents

produced show the emails are nothing more than collection strategy emails between employees. These collection emails pass along collection advice from lawyers; they are not the conveyance of legal advice to the employees. These emails cannot be hidden and protected because someone with a law degree was copied on them or assisted in providing business advice. Both the nature of the communications and who they were made to (low-level collection employees) show that they were not intended to be privileged legal advice, but rather merely business guidance on how much money they could attempt to collect from Plaintiff. Additionally, if the disclosure is one of fact, that information is not privileged and must be turned over. Facts from a lawyer, related to payment history or collection procedures and practices, are not privileged advice.

Plaintiff proposes an *in camera* review of the thirteen emails listed in the privilege log so the court may determine if the documents contain privileged legal advice.

## CONCLUSION

Defendant waived privilege in this case by disclosing to Plaintiff's counsel the advice that had been handed down by Defendant's legal team. As such, Plaintiff requests that the Court enter an order requiring Defendant to turn over un-redacted copies of the documents described as Nos. 1, 2, 3, 4, 5, 6, 7, 10, 13 in the privilege log. Additionally, Plaintiff challenges that documents on the grounds that they contained business advice, and requests that the Court conduct an in-camera review of all thirteen emails.

This is an expedited non-dispositive motion pursuant to Civ. L.R. 7(h).