# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ERIN STROHBEHN,<br><br>                    Plaintiff,<br>v.<br><br>ACCESS GROUP INC. and WELTMAN WEINBERG & REIS CO. LPA,<br><br>                    Defendants. | Case No. 16-CV-985-JPS<br><br>**ORDER** |

On July 25, 2017, Plaintiff filed an expedited motion to compel, challenging Defendant Access Group, Inc.'s ("Access") claim to attorney-client privilege in its document production. (Docket #69). Access asserted the privilege over a number of e-mail communications between its collection staff and its in-house counsel. (Docket #70-1 and #70-2). The e-mails were produced in redacted form, but Plaintiff believes that they are entirely unprivileged.

She makes two arguments in this regard. First, Plaintiff claims that Access waived any privilege by discussing the subject matter of the attorney advice, whether the statute of limitations had run on Plaintiff's debt, with Plaintiff's counsel prior to the filing of this suit. Second, Plaintiff asserts that the communications constituted business advice related to the collection of her debt, not legal advice.

Access counters that waiver only occurs "when the client asserts claims or defenses that put the client's attorney's advice at issue in the litigation." *Giddings v. Prin. Fin. Group, Inc.*, No. 07-CV-370-JPS, 2008 WL 2002652, at *2 (E.D. Wis. May 6, 2008). In Access's view, the discussion with

Plaintiff's counsel simply relayed that they felt the statute of limitations applied, and did not reveal the substance of the legal advice. Next, Access argues that the communications were not mere business advice. Consulting with a lawyer on whether a statute of limitations applies is a legal question requiring legal guidance. Further, Access was suing Plaintiff at the time for breach of her loan agreements.

The attorney-client privilege protects confidential communications between attorney and client made for the purpose of obtaining legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Taking Plaintiff's second argument first, the Court cannot agree that the e-mails are unprivileged business advice. Plaintiff does not contest that the e-mails were confidential communications between a client and their lawyer. An opinion on the applicability of a statute of limitations is a legal issue, particularly in light of the lawsuits, and threats of lawsuits, being exchanged. Plaintiff emphasizes that the e-mails are "merely business guidance on how much money they could attempt to collect from Plaintiff." (Docket #69 at 4). However, simply because Access is in the collection business does not mean that all advice in furtherance of that aim is non-legal.

As to Plaintiff's first argument, the privilege can be waived when, for instance, the client relies on such communications during legal proceedings. However, "[t]o waive the attorney-client privilege by voluntarily injecting an issue in the case, a defendant must do more than merely deny a plaintiff's allegations. The holder must inject a new factual or legal issue into the case. Most often, this occurs through the use of an affirmative defense." *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir.1987). There is no indication that Access has attempted to use the information within the e-mails to its benefit in any legal proceeding. In

other words, Plaintiff has not shown that Access disclosed some of the information in the e-mails for its benefit—to support an affirmative defense, for example—while withholding the remainder. The Court finds no waiver in Access's staff passing along the ultimate legal conclusion of its lawyers, without any further discussion of the substance of the attorney communications. Thus, neither of the grounds asserted for avoiding the privilege have merit. Plaintiff's motion to compel must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel (Docket #69) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of August 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge