# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIN STROHBEHN,

              Plaintiff,

v.

ACCESS GROUP INC. and WELTMAN WEINBERG & REIS CO. LPA,

              Defendants.

Case No. 16-CV-985-JPS

**ORDER**

On August 1, 2017, Plaintiff filed a motion to compel compliance with a subpoena she issued on July 19, 2017. (Docket #74).[1] The subpoena is for the deposition of a representative of Kentucky Higher Education Student Loan Corporation ("KHESLC"), a former servicer of the student loans underlying this action. (Docket #74-1). The deposition was scheduled for August 7, 2017. *Id.* On August 1, 2017, KHESLC notified Plaintiff that it would not sit for a deposition because it believed doing so would facilitate the unauthorized practice of law in Kentucky, where the deposition was to be held. (Docket #74-2). Specifically, neither of Plaintiff's attorneys are licensed to practice law in Kentucky. *Id.*; (Docket #74 at 2).

Plaintiff argues that, under Kentucky's regulations for the practice of law, being unlicensed in the state does not prohibit conducting a deposition in an ongoing case from another jurisdiction. Kentucky Supreme Court Rules provide:

---

[1] Though not stated in her motion, Plaintiff reports that Defendants do not oppose her request.

(c) A lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction if such services:

. . .

(2) are in, or reasonably related to, a pending or potential proceeding before a tribunal or alternative dispute resolution proceeding in another jurisdiction for a client, or prospective client pursuant to Rule 1.18, if the services arise out of, or are reasonably related to, the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice and are not services for which the forum requires pro hac vice admission pursuant to SCR 3.030(2)[.]

SCR 3.130(5.5)(c)(2), *Unauthorized Practice of Law; multijurisdictional practice of law*. Plaintiff's counsel meets each of these requirements. They are admitted in this District, not disbarred in any jurisdiction, and are taking the deposition related to the instant proceeding. Further, the taking of a deposition does not require *pro hac vice* admission. Plaintiff's motion will, therefore, be granted, and KHESLC will be compelled to appear at the August 7, 2017 deposition. Plaintiff's desire for costs in connection with her motion will not be taken up by the Court until after the trial of this case is concluded.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel (Docket #74) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Kentucky Higher Education Student Loan Corporation shall attend the August 7, 2017 deposition scheduled pursuant to Plaintiff's subpoena of July 19, 2017.

Dated at Milwaukee, Wisconsin, this 2nd day of August 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge